UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 2:01-cr-332-LRH-PAL |
| Plaintiff, ) | ORDER |
| vs. ) | |
| DWAYNE T. DUNLAP, ) | |
| Defendant. ) | |

Before the court is Defendant's pro se Motion to Court Judge for a Document Not to Oppose A; "Nunc Pro Tunc Designation by Case Court Judge" (#316[1]) filed December 19, 2011. The Government has filed its opposition (#317).

A relevant history, which is being supplemented by the exhibits attached to this order, is that by letter dated October 21, 2011, the U.S. Department of Justice Federal Bureau of Prisons (hereinafter "BOP") invited the court's input upon the pending decision by the Bureau of Prisons whether to grant a retroactive designation relative to Defendant's Federal prison time to the California State prison time which Defendant has been serving upon his conviction on an unrelated drug offense. The court responded to the BOP on November 7, 2011 (Exhibit A, attached). The court has most recently been notified by the BOP by letter dated December 27, 2011, that the BOP "has determined that a retroactive (concurrent) designation would not be in the best interest of justice in Mr. Dunlap's case." Exhibit B, attached.

It therefore appears that the very document being sought by Defendant's motion was sent

---

[1] Refers to court's docket number.

independently to BOP during the pendency of the present motion. Significantly, the court did recommend that Mr. Dunlap be granted "a retroactive designation and receive the benefit of concurrent sentences" and that if he had "not been a model prisoner in the California system, that he receive less than full concurrent benefit." It is evident that the BOP weighed the court's recommendation, Mr. Dunlap's criminal history and Mr. Dunlap's California prison service record, and made the decision not to grant Dunlap the retroactive "nunc pro tunc" designation.

The court is further of the view that BOP has the exclusive authority to address a prisoner's request for nunc pro tunc designation and that it rests within the discretion of BOP to deny such a request. 18 U.S.C. § 3621 (b).

Good cause appearing, the Defendant's Motion (#316) is DENIED as moot.

The Clerk of the Court shall mail a copy of this order and attachments to Mr. Dunlap at his prison address in Beaumont, Texas.


IT IS SO ORDERED.

DATED this 17th day of January, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE



# United States District Court
### District of Nevada
### Chambers of Larry R. Hicks
### United States District Judge

Bruce R. Thompson U.S. Courthouse
400 South Virginia Street, Room 804
Reno, Nevada 89501

Telephone: (775) 686-5700
Facsimile: (775) 686-5704

November 7, 2011

Jose A. Santana, Chief
U.S. Department of Justice
Federal Bureau of Prisons
346 Marine Forces Drive
Grand Prairie, Texas 75051

    RE:    DUNLAP, Dwayne T.
           Register Number: 36361-048
           Criminal Docket Number: CR-S-01-332 LRH (PAL)

Dear Chief Santana:

    In response to your letter of October 21, 2011, pertaining to Dwayne T. Dunlap, I have reviewed the case which was pending before me and my sentencing of Mr. Dunlap. I recall the sentencing and recall Mr. Dunlap.

    You have invited my recommendation concerning whether Mr. Dunlap should receive credit for time served in California on his California drug charge convictions upon which he was sentenced subsequent to my sentencing of him in February 2003. If Mr. Dunlap has had consistently positive evaluations and/or assessments while serving his California prison sentence, I recommend that he be granted a retroactive designation and receive the benefit of concurrent sentences. If he has not been a model prisoner in the California system, I would recommend that he receive less than full concurrent benefit and would be pleased to give a more specific recommendation if apprised concerning his California prison service record.

EXHIBIT A

    In making the above recommendations, I also have in mind that he has a five year term of supervised release to follow his prison release date. This would seem to provide some meaningful control to deal with his situation in the event that he has been unable to fully respect and appreciate the benefit of any concurrent time calculation from which he may have benefitted.

    If you should have any further questions, please do not hesitate to contact me. I thank you for consulting with me.

Sincerely yours,

Larry R. Hicks

LRH/edm

cc:    Kimberly Frayn, AUSA
        Joseph Gulla, USPO



**U.S. Department of Justice**
Federal Bureau of Prisons

Designation and Sentence Computation Center

*U.S. Armed Forces Reserve Complex*
*346 Marine Forces Drive*
*Grand Prairie, Texas 75051-2412*

December 27, 2011

The Honorable Larry R. Hicks
Judge of the U.S. District Court
  for the District of Nevada
Bruce R. Thompson U.S. Courthouse
400 South Virginia Street, Room 804
Reno, Nevada 89501

Re:  DUNLAP, Dwayne T.
     Register Number: 36361-048
     Criminal Docket Number: CR-S-01-332 LRH(PAL)

Dear Judge Hicks:

This is in follow-up to the Court's recommendation regarding Dwayne Dunlap's request for a *nunc pro tunc* (retroactive) designation. Specifically, in a correspondence dated October 21, 2011, the Bureau of Prisons (Bureau) solicited the Court's input regarding Mr. Dunlap's request and the Court recommended that Mr. Dunlap receive the benefit of a concurrent sentence if he had consistently maintained positive evaluations and/or assessments while serving his California prison sentence. As stated in the Bureau's letter, if the Bureau makes a decision, based on a review of all relevant 3621(b) factors, which is contrary to the Court's stated position, the Court will be notified accordingly.

The Bureau has reviewed the merits of Mr. Dunlap's case in accordance with the factors provided in 18 U.S.C. § 3621(b). We have determined the relevant factors in this case are (2) and (3). Under factor (2), Mr. Dunlap's instant federal offense is Conspiracy to Distribute a Controlled Substance. Under factor (3), he was sentenced in the state of California to an 8-year term of imprisonment for Possession or Purchase of Cocaine for Sale. Mr. Dunlap's criminal history began at age 15 and includes numerous arrests and juvenile adjudications for the following: Strong-Arm Robbery, Receiving Stolen Property, Battery and Burglary. Mr. Dunlap has

**EXHIBIT B**

adult convictions for the following: Carry Loaded Firearm in a Public Place, Receiving Stolen Property, Possession of Weapon in Jail, Possession of Controlled Substance, Unlawful Discharge of Firearm Within Public Limits (Misdemeanor), Transport/Sell Narcotics/Controlled Substances, Felon in Possession of Firearm with Prior Conviction, and Possession of Controlled Substance. In addition, Mr. Dunlap has incurred the following disciplinary infractions during his incarceration: Possession of Intoxicants and Possession of Unauthorized Item.

Based on the above, the Bureau has determined that a retroactive (concurrent) designation would not be in the best interest of justice in Mr. Dunlap's case. Although we were unable to follow the Court's recommendation in this case, please be assured of our continued commitment to satisfy judicial recommendations whenever possible.

I trust this response has addressed your concerns.

Sincerely,

for: J.L. O'Brien

Jose A. Santana
Chief

klc
cc: Kimberly Frayn, AUSA
    Cherie Hughes, USPO